UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C. GREGORY EARLS,
    Petitioner,

v.                                                                                CIVIL ACTION NO. 12-11339-RWZ

JEFFREY GRONDOLSKY,
Warden of Federal Medical Center-Devens,
    Respondent.

MEMORANDUM AND ORDER

ZOBEL, D.J.

For the reasons stated below, the Court <u>DENIES</u> the petition under 28 U.S.C. § 2241 for a writ of habeas corpus, and <u>DISMISSES</u> this action.

BACKGROUND

On July 23, 2012, C. Gregory Earls ("Earls"), a prisoner in custody at FMC Devens in Ayer, Massachusetts, filed a self-prepared petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He challenges his criminal sentence imposed in the United States District Court for the Southern District of New York. <u>See</u> <u>United States v. Earls</u>, 1:03-cr-00364-NRB-1 (U.S. District Judge Naomi Reice Buchwald presiding).

The background of Earls's criminal case and subsequent proceedings has been summarized by other courts. Culling out the recitations from those cases, the salient history is as follows.

A.     <u>Relevant Criminal Proceedings</u>

On March 23, 2003, Earls was charged with 22 counts of fraud (securities fraud, fraud by wire, radio or television, and mail fraud). Trial commenced on March 29, 2004 and on April 24, 2004, the jury found Earls guilty on all counts. He was sentenced on

February 25, 2005 to 125 months imprisonment, a term of supervised release, a special assessment, and restitution. He appealed in July 2005, and on December 7, 2005, the United States Court of Appeals for the Second Circuit ("Second Circuit") affirmed his conviction and sentence. See United States v. Earls, 157 Fed. Appx. 421, 423 (2d Cir. 2005) cert. denied, 126 S.Ct. 2945 (2006).

On June 25, 2007, Earls filed a motion to vacate, modify, or correct sentence pursuant to 28 U.S.C. § 2255. The case was assigned as Earls v. United States, No. 07 Civ. 05946-NRB (S.D.N.Y. 2007). In that § 2255 motion, he argued that his Sixth Amendment rights were violated by the Court's reliance on facts that were not found by a jury in determining his sentence;[1] that the Court failed to rule on objections to the Presentence Report ("PSR") with respect to the statement of the number of victims; that the Court erred in ruling that factual disputes in the PSR regarding the loss amount would not factor into the length of his sentence; and that the Court prevented him from explaining his objections to the government's sentencing schedules and alleged errors in the PSR. Additionally, he asserted that the amount of loss and the number of victims set forth in the PSR, and adopted by the Court at sentencing, were too high and resulted in an unreasonable prison sentence. Further, he claimed that the reliance on these numbers in the PSR seriously diminished the jury's role and dramatically undermined his Sixth Amendment rights. He asserted he should have had the

---

[1] In his appellate brief, Earls argued, unsuccessfully, that the Court's sentence violated his Sixth Amendment rights to have a jury find the relevant sentencing facts, and that the Court miscalculated the loss amount for sentencing purposes.

opportunity to present rebuttal evidence to show mathematical errors made by the government.

On September 27, 2007, the District Court (Judge Naomi Reice Buchwald) issued a Memorandum and Order denying § 2255 relief.  See Earls v. United States, 2007 WL 2826680 (S.D.N.Y. 2007).  The District Court found Earls's objections based on unresolved claims in violation of his Sixth Amendment rights had already been presented, unsuccessfully, in his direct appeal, and, to the extent he raised any separate claim, he was deemed to have waived his opportunity to raise the claim in a § 2255 motion because he failed to raise it on appeal and because he had not shown any cause for his failure to raise the separate claims on appeal.  In light of that finding of procedural default, the Court declined to address whether petitioner was prejudiced by that failure.  The Court also rejected his contention that the government had the burden to raise procedural default as an affirmative defense; rather, the Court found it could raise the procedural default issue *sua sponte*.

On October 26, 2007, Earls filed a Notice of Appeal of the denial of his § 2255 motion.  On November 7, 2007, Mandate (Docket No. 77) issued by the Second Circuit dismissing his appeal without prejudice to seeking reinstatement upon notice to the clerk of an order by the district judge granting or denying a Certificate of Appealability. On November 14, 2007, the District Court denied his Motion for a Certificate of Appealability essentially for the reasons stated in the September 27, 2007 Order.  See Earls v. United States, 2007 WL 4051613 (S.D.N.Y. 2007).  On February 25, 2009, Mandate issued by the Second Circuit denying a Certificate of Appealability and

dismissing the appeal of the § 2255 denial.

Thereafter, on August 17, 2011, Earls filed a second Motion to Vacate under § 2255. On September 9, 2011, an Order issued directing the government to file a response; however, on September 27, 2011, District Judge Reice Buchwald issued a Transfer Order directing that this second § 2255 action be transferred to the Second Circuit. The September 9, 2011 Order directing a response from the government was vacated in light of the Transfer Order. In the Transfer Order, the District Court noted the earlier § 2255 motion filed by Earls and the requirement that before a second or successive § 2255 petition could be filed in the District Court, authorization from the appropriate court of appeals was required. See 28 U.S.C. § 2244(b)(3)(A); Earls v. United States, No. 11-3885 (2d Cir. 2011).

On November 14, 2011, Earls filed, in the Second Circuit, a Motion for Leave to File a Second § 2255 Motion. He cited as grounds that he sought to vacate the original sentenced imposed based upon ineffective assistance of his trial counsel during the district court proceedings and on appeal. He asserted that trial counsel was not an expert in criminal law as he claimed, and was unprepared for sentencing. Further, he claimed counsel failed to seek a continuance despite Earls urging him to do so, and failed to show Earls the PSR until the day of trial [sic]. He further failed to correct errors in the PSR's calculations or to seek a hearing to put the government to its proof as to the amount of loss. He also asserted that it was only after the denial of his prior motion and after he received all of the papers that he realized the extent of counsel's deficient performance. Further, because he had limited access to legal research and

4

the library, he did not realize until 2011 that relief might be available based upon ineffective assistance of counsel. Finally, he contended that, in his opinion, his counsel was intoxicated or under a mental impairment.

On December 13, 2011, the Second Circuit denied his request, finding that he had not met the criteria set forth in 28 U.S.C. § 2255(h), because he did not rely on any new rule of constitutional law made retroactive by the Supreme Court, and, although he asserted that he was relying on newly discovered evidence (in the form of legal research recently conducted), he presented no actual evidence or any legal authority, to support his claim.

      B.      <u>The Instant Section 2241 Habeas Petition</u>

As noted above, on July 23, 2012, Earls filed the instant § 2241 habeas petition. The petition was set forth on a template § 2241 petition form. In that document, he claims that the statutory maximum for each offense was 10 years or less during 2002 and earlier. He contends that there was no evidence presented to the jury, or found by the jury, of acts or omissions committed by him subsequent to the statutory amendment increasing the maximum penalties beyond 120 months. In the section of the form requiring an explanation why he claimed the remedy under 28 U.S.C. § 2255 was inadequate or ineffective to challenge the conviction or sentence, Earls stated that "[t]he time normally required to obtain a Certificate of Appealability and then for a hearing to be held is usually a year or more. If my sentence is reduced to 120 months with good time I would be eligible for release in 102 months or prior to any possible hearing or

decision date." Pet. (Docket No. 1 at 5, ¶ 10(c)).[2]

Next, in the section of the petition requiring a statement of every ground supporting the claim that he is being held in violation of the Constitution, laws, or treaties of the United States, Earls alleges that: (1) the penalty for securities fraud was increased to a maximum of 20 years from 10 years in July, 2002. The evidence presented did not demonstrate any criminal act subsequent to the amendments effective date. Further, he contends: (1) that the question of when the alleged acts were committed was not put before the jury, in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000) and related cases; (2) that he received inadequate representation of counsel by counsel's failure to request a specific verdict as to the dates of commission of crimes for which Earls was found guilty; and (3) that he received inadequate representation of counsel by counsel's failure to recognize the issue regarding the changes in the statute.

As relief, Earls seeks an Order reducing his sentence to no more than 10 years, to be served concurrently.

Earls paid the $5.00 filing fee.

---

[2]This appears to be a new ground for relief not presented in his prior challenges to his sentence. Moreover, Earls checked off the box on question 10(b) of the template § 2255 form indicating that he never filed a motion in the Second Circuit seeking to file a second or succession § 2255 motion. In view of the fact that he previously filed a request from the Second Circuit to file a second § 2255 motion, and in view of the asserted grounds explaining why § 2255 relief is inadequate or ineffective to challenge his detention (because the Second Circuit would take too long to decide), this Court presumes that Earl's statement indicates that he never sought permission from the Second Circuit as to this particular issue.

6

DISCUSSION

I.     Screening of the Petition

As noted above, although this petition was brought pursuant to Section 2241 and not Section 2254, the rules governing Section 2254 cases may be applied at the discretion of the district court to other habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 proceedings; Boutwell v. Keating, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005) (district court acted within its discretion by applying Rule 4(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 to § 2241 petition); Perez v. Hemingway, 157 F. Supp. 2d 790, 795 (E.D. Mich. 2001).

Under Rule 4 of the Rules Governing Section 2254 proceedings, the Court is required to examine a petition, and if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the Court "must dismiss the petition and direct the clerk to notify the petitioner." Rule 4; McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face); Mahoney v. Vondergritt, 938 F.2d 1490, 1494 (1st Cir. 1991) (upholding Rule 4 summary dismissal of § 2254 petition). A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law. Marmol v. Dubois, 855 F. Supp. 444, 446 (D. Mass. 1994); see Eady v. Director, Charleston County Detention Center, 2011 WL 3704225, *3 (D.S.C. 2011) citing Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970) (noting that federal district courts have a duty to screen habeas petitions and eliminate burden on respondents caused by ordering an unnecessary answer or return), cert. denied, 400 U.S. 906 (1970).

7

Here, Earl's habeas petition will be dismissed *sua sponte* for the reasons set forth below.

II.  Earls May Not Bring a Section 2241 Petition to Challenge His Conviction and/or Sentence

It is well settled that a prisoner seeking to collaterally attack his sentence must assert his claim primarily through a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 before the sentencing court rather than through a § 2241 habeas petition in the district in which he is incarcerated.[3]  United States v. Barrett, 178 F.3d 34, 50 n.10 (1st Cir. 1999), cert. denied, 528 U.S. 1176 (2000); see Rogers v. United States, 180 F.3d 349, 357 n.15 (1st Cir. 1999) cert. denied, 528 U.S. 1126 (2000) (motion under § 2255 is the "exclusive remedy in the sentencing court for any errors occurring at or prior to sentencing, including construction of the sentence itself."); Gonzalez v. United States, 150 F. Supp. 2d 236, 241 (D. Mass. 2001).  Section 2255 relief is available when a petitioner demonstrates that his sentence "(1) was imposed in violation of the Constitution, or (2) was otherwise subject to collateral attack." Moreno-

---

[3] While both provisions of § 2241 and § 2255 authorize challenges to the legality of Earl's continued federal custody, "[i]t is well established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one." Coady v. Vaughn, 251 F.3d 480, 484 (3d Cir. 2001) (comparing § 2241 and § 2254 habeas challenges), citing Edmond v. United States, 520 U.S. 651, 657 (1997); Preiser v. Rodriguez, 411 U.S. 475, 488-489 (1973).  The rationale behind this is that under general circumstances, the use of a § 2241 petition rather than a § 2255 motion would serve to circumvent Congress's intent to restrict the availability of second and successive petitions and/or the time limitations for filing a § 2255 motion. Coady, 251 F.3d at 484-485.  Moreover, § 2255 gives the court more flexibility in fashioning a remedy than a habeas writ. In Re Hanserd, 123 F.3d 922, 925 (6th Cir. 1997).  Another consideration is that "...inter-district comity and practicality suggest that the original sentencing court is better positioned to reevaluate a federal prisoner's conviction and sentence." Id. at 925.

8

Morales v. United States, 334 F.3d 140, 148 (1st Cir. 2003) (citing Davis v. United States, 134 F.3d 470 (1st Cir. 1988)).

In this case, it is clear that § 2255 relief is not available to Earls, as he had filed two prior § 2255 motions. He is, no doubt, aware that this avenue of relief is foreclosed to him, and now seeks to assert yet another challenge to his conviction and sentence through a § 2241 habeas petition, presumably under the aegis of the "savings clause" of § 2255.

The savings clause states, in relevant part:

An application for a writ of habeas corpus...shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of detention.

28 U.S.C. § 2255(e).

A § 2255 motion is not "inadequate or ineffective" merely because a petitioner cannot meet the second or successive requirements. See Barrett, 178 F.3d 50.[4] Moreover, the savings clause does not apply merely because § 2255 relief has already been denied, or because a petitioner has been denied permission to file a second or successive § 2255 motion, or because a second or successive § 2255 motion has been dismissed, or because the one year period of limitations has expired. United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000). In other words, "[t]he remedy in section

---

[4]See also Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001) (savings clause applies to claims based on a retroactively applicable Supreme Court decisions which establish petitioner may have been convicted of a nonexistent offense and to claims foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion).

9

2255 does not become 'inadequate or ineffective' simply by virtue of the fact that the prisoner is not able to meet the gate-keeping requirements for second or successive petitions." Hernandez-Albino v. Haynes, 368 Fed. Appx. 156, 2010 WL 850191, *1 (1st Cir. 2010) (unpublished decision).

Courts only allow recourse to the savings clause "in rare and exceptional circumstances," such as those where the restrictions on § 2255 motions would result in a "complete miscarriage of justice." Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008) (quoting in part In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). "Most courts have required a credible allegation of actual innocence to access the savings clause." Id.; see Barrett, 178 F.3d at 52-53 (discussing availability of § 2241 where a petitioner claims "actual innocence").[5] Further, it is well settled that a petitioner like Earls cannot use the "savings clause" to circumvent the restrictions of § 2255 (such as the restriction on filing second and successive motions absent permission of the appellate court, or the time restrictions on filing) by filing a petition under § 2241 instead. See id. at 50-52 (permitting a petitioner to evade the restrictions of § 2255 by resorting to § 2241 would render those restrictions meaningless); Nascimento v. United States, 2012 WL 1004316, *3 (D. Mass. Mar. 22, 2012) (a prisoner "may not circumvent statutory restrictions by filing a habeas petition under § 2241 instead of § 2255"); Cannon v.

---

[5]See Glacken v. Dickhaut, 585 F.3d 547, 550 (1st Cir. 2009) ("The default may be excused only if the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or else demonstrate that the failure to consider the claim will result in a fundamental miscarriage of justice" and noting that the miscarriage of justice exception is a "'narrow exception to the cause and prejudice imperative seldom to be used, and explicitly tied to a showing of actual innocence.'" quoting Burks v. Dubois, 55 F.3d 712 (1st Cir.1995)).

United States, 2007 WL 1437704, at *3 (D. R.I. 2007).

Here, Earl's attempt to obtain § 2241 relief that he could not otherwise obtain under § 2255 is futile. He has not put forth any exceptional circumstances to invoke the savings clause in this case nor has he shown that there will be a complete miscarriage of justice should § 2241 habeas relief not be granted.

Accordingly, for all of the reasons set forth herein, Earl's § 2241 habeas petition will be <u>DENIED</u> and this action shall be <u>DISMISSED</u>.

## CONCLUSION

Based on the foregoing it is hereby Ordered that:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is <u>DENIED</u>; and

2. This action is <u>DISMISSED</u> it its entirety.


SO ORDERED.


<u>August 17, 2012</u>  /s/ Rya W. Zobel
DATE  RYA W. ZOBEL
  UNITED STATES DISTRICT JUDGE

11